OPINION
Defendant-appellant, Ron Davidson, appeals the decision of the Marion Municipal Court in favor of plaintiffs-appellees, German Mutual Insurance Company and Raymond King, in the amount of $1,588.60, plus interest and court costs, against appellant.
Appellees' negligence claim arises out of an accident that occurred in the parking lot at the Whirlpool Corporation on September 24, 1998. King was driving a Ford Mustang while appellant was driving a motorcycle. King was traveling through the parking lot in a lane of travel which runs along the parking spaces, intersects the exit lane, and then continues on through the parking lot. There were parked vehicles in the parking lot. Appellant was traveling on the one-way lane to exit the parking lot, and the accident occurred in the intersection or junction of the two lanes of travel.
Appellant counterclaimed, alleging that the damage to his motorcycle was caused by King's negligence. On July 12, 1999, the Marion Municipal Court conducted a bench trial. The trial court found that appellant was seventy percent negligent and King was thirty percent negligent. From this judgment, appellant now appeals, raising the following assignment of error:
 The trial court erred and abused its discretion in finding the appellant 70% responsible for the motor vehicle accident involving appellee and appellant.
Appellant asserts that the trial court's conclusion that he was seventy percent responsible for the accident is not supported by sufficient evidence and is against the manifest weight of the evidence.
It is well-established that "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v.Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus. Additionally, under Ohio's comparative negligence statute, the trier of fact apportions the percentage of each party's negligence that proximately caused the plaintiff's damages. See R.C.2315.19; Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642,646.
King testified that he slowly entered the intersection or junction of the two lanes of travel in the parking lot from an "almost completely stopped" position. King looked by a parked truck before he proceeded into the intersection, but he did not see appellant's motorcycle prior to the impact. Based upon his testimony, King would have been at least one-third of the way through the lane in which appellant was traveling by the time of impact. King characterized the impact as appellant's motorcycle having struck the right front fender of King's vehicle, pushing it laterally three to four feet.
Appellant testified that he was about thirty-five feet away when he began traveling in his lane to exit the parking lot and that he was traveling "very slow." According to his testimony, the right corner of King's vehicle struck the side of his motorcycle right in front of his foot after he had pulled past a large black pickup truck parked in the parking lot. Appellant did not see King's vehicle before the point of contact.
On the trial of a civil case, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Herein, the trial court could have reasonably found that King's position in the lane of travel and the damage to his vehicle correspond to a finding that appellant was seventy percent negligent in causing the accident. Thus, our review of the record indicates that the trial court's finding regarding the extent of appellant's negligence is supported by competent, credible evidence and is not against the manifest weight of the evidence.
Accordingly, appellant's assignment of error is overruled and the judgment of the Marion Municipal Court is affirmed.
Judgment affirmed.
 HADLEY, P.J., and BRYANT, J., concur.